UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELIZABETH FENESCEY,                :
                                   : CIVIL ACTION NO. 3:14-CV-347
        Plaintiff,                 :
                                   : (JUDGE CONABOY)
    v.                             :
                                   :
DIVERSIFIED CONSULTANTS, INC.,     :
                                   :
        Defendant.                 :
                                   :

FILED
SCRANTON

JUN 0 4 2014

PER_____
DEPUTY CLERK

## MEMORANDUM

Here we consider Defendant's Motion to Stay Proceedings (Doc. 10) filed on April 21, 2014. With this motion, Defendant seeks to stay the proceedings in the above-captioned matter because relevant provisions of the Telephone Consumer Protection Act ("TCPA") are currently pending before the Federal Communications Commission ("FCC") in four petitions for declaratory ruling and the present circumstances meet the standards for staying the case under the primary jurisdiction doctrine. (Def.'s Br. Supp. Stay Proceedings 1, ECF No. 11.) Plaintiff opposes this motion on the basis that there is no need for the doctrine of primary jurisdiction to be invoked in this matter. (Br. Opposing Mot. Stay 7, ECF No. 12.) For the reasons discussed below, we conclude Defendant's motion is properly denied.

### I. Background

This case was removed to this Court from the Lackawanna Court of Common Pleas on February 25, 2014. (Notice of Removal, ECF No. 1.) With this action, filed on January 13, 2014, Plaintiff asserts

that Defendant violated the TCPA by placing telephone calls to her cellular phone using an automated or prerecorded voice, that Defendant used an automatic telephone dialing system ("ATDS") to call her cellular phone, and that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by causing her phone to ring repeatedly with the intent to annoy, abuse, or harass her.  (Br. Opp. 1, ECF No. 13.)   The calls were placed for debt collection purposes.   (Br. Supp. 2, ECF No. 11.)

## II. Discussion

Disposition of the pending motion requires only brief discussion.  Defendant asserts the Court should stay this matter because the allegations in Plaintiff's Complaint turn on issues currently pending before the FCC: 1) whether the TCPA applies to non-telemarkenting calls such as the debt collection calls at issue here; and 2) whether dialing equipment must have a current capacity to generate and dial random or sequential numbers in order to be considered an ATDS.  (Br. Supp. 1, ECF No. 11.)  Defendant maintains that considerations pertinent to the doctrine of primary jurisdiction warrant granting the stay.  (*Id.*)   We disagree.

The Third Circuit Court of Appeals considered the doctrine of primary jurisdiction in *Baykeeper v. NL Industries, Inc.*, 660 F.3d 686 (3d Cir. 2011).  Baykeeper first noted that "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'  *Colorado River Water Conservation*

2

*District v. United States*, 424 U.S. 800, 817 . . . (1976). 'Abstention, therefore is the exception rather than the rule.' *Riley*, 45 F.3d at 771."[1] The Circuit Court went on to explain that

[t]he doctrine of primary jurisdiction

> applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Baykeeper*, 660 F. 3d at 691 (*quoting United States v. W. Pac. RR. Co.*, 352 U.S. 59, 64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956)). Noting that "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," *id.*, *Baykeeper* set out the four-factor test relied upon by the parties and the district court. The factors are:

> (1) Whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) Whether the question at issue is particularly within the agency's discretion; (3) Whether there exists a substantial danger of inconsistent rulings; and (4) Whether a prior application to the agency has been made.

*Baykeeper*, 660 F. 3d at 691 (internal quotation omitted).

---

[1] *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

3

Here the question of whether the TCPA applies to non-telemarketing calls made to a cellular phone has been answered by the Third Circuit Court of Appeals. When faced with the argument that the TCPA's restrictions apply to telemarketers, not debt collectors, the Circuit Court concluded the argument was misplaced because "this distinction does not apply to calls made to cellular phones." *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 273 (3d Cir. 2013).

> At first glance, Dell's argument appears correct: the FCC regulations implementing the TCPA permit certain types of autodialed debt collection calls . . . . *See, e.g.*, 47 C.F.R. §64.1200(a)(2)(iii), (iv) (exempting calls "made to any person with whom the caller has an established business relationship" and calls "made for a commercial purpose [that do] not include or introduce an unsolicited advertisement or constitute a telephone solicitation"). However, Dell fails to recognize that these exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines. *See* 47 C.F.R. § 64.1200(a)(2). Therefore, the debt collection exemption invoked by Dell is not applicable in this case.
>
> Looking to the provisions of the TCPA that apply to autodialed calls to cellular phones and the exemptions promulgated by the FCC, it is clear that Dell's argument is without merit. The statutory provision under which Gager brought her claim bans the use of "*any* automated telephone dialing system" to call "*any* . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. *See id.* 47 C.F.R. §

4

> 64.1200(a)(1)(iii). Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones. Thus, the content-based exemptions invoked by Dell are inapposite.

*Gager*, 727 F.3d at 273.

Given the force and clarity of this precedential opinion, we have no need to further evaluate the doctrine of primary jurisdiction on the question of whether the TCPA applies to debt collection calls made to cellular phones.[2] Here Plaintiff alleges that the debt collection calls were made to her cellular phone. (Compl. ¶ 12, ECF No. 1-2.) Therefore, no stay of the proceedings is warranted on the basis of the FCC's consideration of this issue or related matters.

We now turn to the question of whether a stay is appropriate based on the other issue identified by Defendant: "whether dialing equipment must have a current capacity to generate and dial random or sequential numbers to be considered an ATDS." (Br. Supp. 1, ECF No. 11.) Defendant argues there is a split in authority on the issue of what constitutes an ATDS. (Br. Supp. 11, ECF No. 11.) Plaintiff maintains a stay is not indicated on this basis because the calls were made using an artificial or prerecorded voice and

---

[2] Although Defendant would have us apply the doctrine and stay the case based on a split in authority on this issue (*see, e.g.*, Reply Br. 3-4, ECF 13), Defendant does not address the *Gager* decision.

such calls are regulated by the TCPA even if the call was not placed using an ATDS. (Br. Opp. 7, ECF No. 12 (citing *Iniguez v. The CBE Group*, 969 F. Supp. 2d 1241 (E.D. Cal. 2013)).) Defendant does not refute this assertion but argues in reply that "should this matter not be stayed, and the FCC later determines that the TCPA does not apply to debt collection calls, Defendant will have been forced to litigate against a claim that no longer exists." (Reply Br. 4, ECF No. 13.)

We find Defendant's argument without merit based on the *Gager* decision dicussed above. Because Defendant's argument related to the ATDS issue hinges on a potential determination by the FCC that the TCPA does not apply to debt collection calls, and because *Gager* has decided the issue in this circuit relevant to cellular phone calls, the calls made to Plaintiff in this case, we conclude there is no basis to stay this action on the ATDS issue.

### III. Conclusion

For the reasons discussed above, Defendant's Motion to Stay Proceedings (Doc. 10) is denied. An appropriate Order is filed simultaneously with this action.

_____
RICHARD P. CONABOY
United States District Judge

DATED: 6-4-14